**IT IS ORDERED as set forth below:**

**Date: December 22, 2025**

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN RE: | CASE NO. 24-59077-JWC |
|---|---|
| DENISE MARIE LESLIE, | CHAPTER 7 |
| Debtor. | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on a Motion to Reopen Chapter 7 Case (Doc. No. 15) ("Motion") filed by Denise Marie Leslie ("Debtor" or "Ms. Leslie"). Before filing a chapter 7 petition, Ms. Leslie signed a personal guaranty on a lease of property between her company, Massage by Denise Leslie, Inc., as tenant and Springs Landing Partners, LLC ("Springs Landing") as landlord. She received a discharge in her chapter 7 case but failed to list Springs Landing as a creditor. Months after receiving her discharge, Springs Landing filed a dispossessory action against

1

Massage by Denise for defaults under the lease that arose after Ms. Leslie's discharge and asserted claims against her under the guaranty. In response, Ms. Leslie filed the Motion seeking to reopen her chapter 7 case to list Springs Landing as a creditor to assert that her obligations under the guaranty are discharged. Springs Landing filed a response to the Motion (Doc. No. 16) asserting that the claims pursued against Ms. Leslie arose after her receipt of a discharge, and as such, are not covered by the discharge.

The Court held a hearing on the Motion on August 21, 2025, at which counsel for the Debtor and Springs Landing appeared. The Court has considered the Motion, the response, the record in the case, and the arguments of counsel at the hearing, and because Debtor's failure to list Springs Landing as a creditor is not asserted to be the product of fraud or intentional design, and because the guaranty obligation falls within the broad definitions of "debt" and "claim" under the Bankruptcy Code, the Court will grant the Motion to Reopen and allow Ms. Leslie to amend her schedules to include the debt to Springs Landing under the guaranty.

I. **JURISDICTION**

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FINDINGS OF FACT

### A. The Tenant and Lease

The facts in this case are not in dispute. Ms. Leslie owns a company named Massage by Denise Leslie, Inc. DBA Medical & Sports Massage ("Tenant"). Tenant entered into a commercial lease ("Lease") with Springs Landing for property located in Sandy Springs, Georgia. The original Lease was dated April 13, 2017, with a five-year initial term. [Doc. No. 16, Ex. A, p. 18.] The Lease included an optional five-year renewal term upon written notice with the same terms and conditions as set forth in the original Lease. [*Id.* at 19.] The Lease required Tenant to pay $2,556.38 for the first year, with rent increasing yearly. [*Id.*] Under section 11.01 of the Lease, upon default, Tenant owed future rent reduced to its current value as liquidated damages. [*Id.* at 32.]

On the same day the Lease was signed, Ms. Leslie executed a personal guaranty ("Guaranty") where she guarantied the full payment of Tenant's obligations upon default.[1] The Guaranty includes the following language:

> In the event that Debtor fails to perform any of his [sic] obligations under the Lease or to pay any of the Liabilities, the undersigned shall, upon demand of Lender, promptly and with due diligence pay all Liabilities and perform and satisfy for the benefit of Lender all obligations.

[*Id.* at 59.] The Guaranty also states it "shall be continuing, absolute and unconditional and shall remain in full force and effect so long as the Lease or any obligations under the Lease are in effect." [*Id.*] In February 2022, Springs Landing

---

[1] The guarantor's name on the lease is "Denise M. Williams" and on the guaranty is "Denise L. Williams." According to her bankruptcy petition, Ms. Leslie goes by several variations of names including Denise Leslie, Denise Marie Williams and Denise Leslie Williams. [Doc. No. 1, p. 1.]

3

and Tenant executed a Lease extension for another five-year term with Ms. Leslie ratifying the amendment and reaffirming her obligations under the guaranty. [*Id.* at 78–82.] The extension commenced on September 1, 2022, and was set to end on August 31, 2027. [*Id.* at 78.]

### B. <u>The Bankruptcy Case</u>

Ms. Leslie filed a chapter 7 petition on August 29, 2024. Her schedules filed with her petition listed one secured creditor and twenty-two unsecured creditors. [Doc. No. 1.] Springs Landing was not listed as a creditor on any of the schedules or on the creditor matrix. The Chapter 7 Trustee filed a report of no distribution certifying the estate was fully administered. Because the case was reported as a no asset case, creditors were not required to file a proof of claim in the case. On December 10, 2024, the Court entered an order granting Ms. Leslie a discharge and closing the case. [Doc. No. 13.]

### C. <u>The Lease Default</u>

Following the closing of Ms. Leslie's bankruptcy case, Tenant failed to pay rent under the Lease for April through June 2025. As a result, Springs Landing filed a dispossessory action in the State Court of Fulton County seeking a writ of possession to remove Tenant from the property and a money judgment against Tenant and Ms. Leslie for the unpaid rent and future rent through the end of the Lease Term in the

4

amount of $83,797.12. [Doc. No. 16, Ex. A, p. 11–12.] Ms. Leslie filed the Motion seeking to reopen her bankruptcy case shortly thereafter.

## III. ANALYSIS

### A. Reopening a Bankruptcy Case

Section 350(b)[2] provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. "[T]he bankruptcy court retains broad discretion to reopen a closed case on a motion of the debtor or another party in interest . . . ." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1186 (11th Cir. 2017). In exercising that broad discretion, courts must balance the policy of a fresh start afforded to a debtor against the rights of affected creditors. *See In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003); *In re Frasier*, 294 B.R. 362, 366 (Bankr. D. Colo. 2003). "Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered." *In re Upshur*, 317 B.R. 446, 451 (Bankr. N.D. Ga. 2004). "[T]he Bankruptcy Code and Rules liberally permit debtors to amend their disclosures when an omission is discovered." *Slater*, 871 F.3d at 1186.

The movant carries the burden of establishing that the bankruptcy case should be reopened. *In re Env't Wood Products, Inc.*, 609 B.R. 901, 912 (Bankr. S.D. Ga. 2019). "To determine whether cause exists to reopen a case, the bankruptcy court 'may consider numerous factors including equitable concerns, and ought to emphasize

---

[2] All statutory references are to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) unless otherwise specified.

5

substance over technical considerations.'" *Id.* (quoting *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017)). "A bankruptcy case should not be reopened where it would be a futile exercise or a waste of judicial resources." *Reinert v. Vara*, 620 B.R. 536, 543 (W.D. Pa. 2020). "[I]f the moving party cannot obtain the substantive relief which it intends to seek, 'then there is no reason to grant a motion to reopen.'" *In re One2One Commc'ns, LLC*, 627 B.R. 273, 284 (Bankr. D.N.J. 2021) (quoting *Reinert*, 620 B.R. at 543).

The only reason to reopen this case is to add Springs Landing as a creditor in order for the liability on the Guaranty to be covered by Ms. Leslie's discharge. If, however, her liability under the Guaranty would not be covered by her discharge, then reopening the case would be futile. The ultimate question before the Court then is whether liability under the Guaranty was subject to discharge.

### B. Failure to List Springs Landing on Schedules

The Court first addresses Ms. Leslie's failure to list Springs Landing on the original schedules. The Eleventh Circuit has long held that failing to disclose a debt in a no asset chapter 7 case generally does not affect the dischargeability of the debt unless there is a showing of fraud or intentional design. *See Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529, 1534 (11th Cir. 1986) (holding that court should allow discharge of undisclosed debt only when it is not caused by fraud or intentional design); *In re McDaniel*, 217 B.R. 348, 356–57 (Bankr. N.D. Ga. 1998) (finding that debtor was allowed to reopen no asset case and add creditor in part because creditor had "produced no evidence undercutting this suggestion of mere inadvertence by the

6

Debtor."). In a no asset case the Court does not impose a deadline for filing claims, "[t]herefore, the lack of notice to the creditor does not deprive the creditor of the opportunity to file a timely proof of claim." *In re McIntosh*, 657 B.R. 279, 294 (Bankr. S.D. Fla. 2024) (quoting 4 COLLIER ON BANKRUPTCY ¶ 523.09 (16th ed. 2023)).

Here, Ms. Leslie asserts inadvertence in failing to schedule or list Springs Landing initially, and Springs Landing offered nothing to challenge that assertion either in its response or at the hearing. No party makes an argument of fraud on Ms. Leslie's part for failing to add Springs Landing to the schedules. Nor was Springs Landing deprived of a fair opportunity to timely file a proof of claim because this was a no asset chapter 7 case with no claim filing deadline. Because there are no allegations of fraud or intentional design on Ms. Leslie's part, the Court considers the Motion on its merits.

### C. The Dischargeability of a Personal Guaranty as a Contingent Claim

Springs Landing argues the plain terms of the Guaranty created a continuing guaranty whereby Ms. Leslie is the secondary obligor for all future obligations of Tenant. Springs Landing further argues that under Georgia law, each amount incurred by Tenant under the Lease is a separate, unilateral contract with the obligation of Ms. Leslie to pay only arising at the time the rent charges were incurred. Because the default under the Lease here occurred after Ms. Leslie received her discharge, Springs Landing argues the debt arising from the default is a post-petition obligation not covered by her discharge and no basis exists to reopen her bankruptcy case.

7

Whether the Guaranty was subject to discharge depends upon whether it was a prepetition debt. Under § 727 a debtor may receive a discharge "from all debts that arose before the date of the order for relief," except those provided in § 523. 11 U.S.C. § 727. The Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). In turn a "Claim" is defined as

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). These terms are often construed as broadly as possible "so as to enable the debtor to deal with all legal obligations in a bankruptcy case." *In re Lipa*, 433 B.R. 668, 670 (Bankr. E.D. Mich. 2010). "Congress deliberately included contingent claims in the definition and made provision for their estimation to permit the broadest possible relief in the bankruptcy court and to ensure that virtually all obligations to pay money [would] be amenable to treatment in bankruptcy." *In re CD Realty Partners*, 205 B.R. 651, 656 (Bankr. D. Mass. 1997) (internal quotations and citations omitted). While the Code does not define what a "contingent" claim is, "[c]ourts have recognized that a personal guaranty is the classic example of a contingent liability because the guarantor's liability is triggered only if the principal obligor has failed to satisfy its debt." *Russo v. HD Supply Elec., Ltd. (In re Russo)*, 494 B.R. 562, 566 (Bankr. M.D. Fla. 2013) (citing *In re Pennypacker*, 115 B.R. 504

8

(Bankr. E.D. Pa. 1990)). Whether a prepetition personal guaranty remains enforceable post-discharge depends on whether the guaranty falls within the definition of "debt" and "claim."

Two distinct lines of cases have developed addressing the dischargeability of obligations arising under prepetition personal guarantees. One line of cases holds that where no contingent claim exists at the time of discharge but arises only upon a post-petition extension of credit, absent affirmative action by the debtor to terminate the guaranty, the guaranty may be enforced as to the obligations incurred post-petition.[3] The second line of cases holds that prepetition personal guarantees of prepetition lease obligations are discharged as contingent claims in large part because of the broad definition of "claim" and "debt" under the Bankruptcy Code.[4] The Court finds the latter line of decisions more analogous to the facts of this case.

In *Orlandi*, the debtor executed a personal guaranty on a commercial lease owned by the debtor's salon. *See Orlandi v. Leavitt Family Ltd. P'ship (In re Orlandi)*, 612 B.R. 372, 375 (B.A.P. 6th Cir. 2020). At the time the debtor filed under chapter 7, no breach under the lease existed. *Id*. After the debtor received a discharge, the salon executed a five-year extension and later defaulted on payments. *Id*. at 375–76.

---

[3] *See Reinhart Foodservice, LLC v. Schlundt (In re Schlundt)*, 646 B.R. 478 (E.D. Wis. 2022); *Dulles Elec. & Supply Corp. v. Shaffer (In re Shaffer)*, 585 B.R. 224 (Bankr. W.D. Va. 2018); *Nat'l Lumber Co. v. Reardon (In re Reardon)*, 566 B.R. 119 (Bankr. D. Mass. 2017*)*; *Weeks v. Isabella Bank Corp. (In re Weeks)*, 400 B.R. 117 (Bankr. W.D. Mich. 2009); *McClure-Johnston Co., Inc. v. Jordan (In re Jordan)*, 2006 WL 1999117 (Bankr. M.D. Ala. June 15, 2006).

[4] *Orlandi v. Leavitt Family Ltd. P'ship (In re Orlandi)*, 612 B.R. 372 (B.A.P. 6th Cir. 2020); *In re Stillwell*, 2012 WL 441193 (Bankr. D. Neb. Feb. 10, 2012); *In re Lipa*, 433 B.R. 668 (Bankr. E.D. Mich. 2010); *Russo v. HD Supply Elec., Ltd. (In re Russo),* 494 B.R. 562 (Bankr. M.D. Fla. 2013); *Motley v. Equity Title Co. (In re Motley)*, 268 B.R. 237 (Bankr. C.D. Cal. 2001).

The landlord sought to enforce the guaranty against the discharged debtor arguing the lease extension revived the guaranty. *Id.* at 377. The bankruptcy court found the guaranty to be discharged, and the Sixth Circuit Bankruptcy Appellate Panel affirmed that part of the holding. The Panel found the terms "debt" and "claim" were defined broadly under the Bankruptcy Code to give the debtor a "fresh start." *Id.* at 381. The guaranty "falls under the definitions of 'debt' and 'claim' and was therefore covered by the discharge order." *Id.*

The court in *Stillwell* reached the same result. In *Stillwell* a creditor tried to enforce a guaranty the debtor executed on a commercial lease with a final lease extension executed prepetition. *In re Stillwell*, 2012 WL 441193 (Bankr. D. Neb. Feb. 10, 2012). At the time of the filing, the rent was current, and the creditor was not listed on the schedules and received no notice of the bankruptcy. *Id.* at *2. The court held that "[l]iability under a lease guaranty that is current on the date of bankruptcy filing may be contingent on a future default by the tenant, but that does not mean the claim did not exist – it just means it is a contingent claim." *Id.* at *3. The facts in *Stillwell* are largely indistinguishable from the facts of this case.

Similarly, a court within the Eleventh Circuit reached the same conclusion under comparable facts. *See In re Russo*, 494 B.R. 562. In *Russo*, the creditor tried to enforce a guaranty on the debtor's company's financial obligations after the debtor received a discharge. *Id.* at 564–65. The court found that although the "future indebtedness had not yet been incurred, the claim itself (as a contingent right to

10

payment) still existed by virtue of the Debtor's execution of the prepetition Guaranty." *Id.* at 566.

Here, the Guaranty falls under the broadly defined terms "debt" and "claim" and was therefore a dischargeable contingent claim. Ms. Leslie signed the Guaranty for a commercial lease owned by her company. The extension was executed February 2022 and set to begin September 2022, two years before the filing of her petition. Had she properly scheduled and listed the guaranty obligation as a contingent claim, any claims under the Guaranty would be subject to discharge. Although a default under the lease did not occur until April 2025, *i.e.* post-discharge, the contingent liability under the Guaranty existed as the Lease was executed prepetition.

The Court finds the cases cited by Springs Landing distinguishable. Springs Landing cites *In re Jordan* to support the argument that under Georgia law, a continuing guaranty creates a new obligation each time rent is due and these post-petition obligations are not subject to discharge. *See McClure-Johnston Co., Inc. v. Jordan (In re Jordan)*, 2006 WL 1999117 (Bankr. M.D. Ala. June 15, 2006). In *Jordan*, the debtor executed a personal guaranty on an application for credit for her husband's company. *Id.* at *1. After the debtor received a discharge, the creditor made five loans to the company, the company defaulted on payments, and the creditor tried to enforce the guaranty. *Id.* Although the court acknowledged that a claim includes a contingent right to payment, the court saw only debts incurred before the petition date as contingent claims. *Id.* at *3. Referencing Alabama law, the court found that each loan transaction created a separate contract thereby creating a new liability

11

post-petition that was not discharged. *Id.* Similarly, in *Weeks,* the creditor executed a post-petition renewal of a line of credit to the debtor's medical practice. *Weeks v. Isabella Bank Corp. (In re Weeks)*, 400 B.R. 117, 119 (Bankr. W.D. Mich. 2009). The *Weeks* court found that no dischargeable claim arises until an advance is made. *Id.* at 124.

Importantly, these cases rely on the *possibility* of future advancements on loan agreements which are legally and factually distinct from a guaranty of an existing lease obligation. Here, no future advancement could be made because the monthly rental obligations were fixed by the Lease.

Nor does the continuing nature of the guaranty change the analysis. While the Guaranty on its face clearly contemplated the guaranty obligations to be continuing in nature as to future obligations, the facts here show that no new or additional contract obligations were incurred by the Tenant after the date of discharge. Springs Landing relies on cases involving post-petition extensions of credit, not lease obligations with financial terms fixed prior to commencement of Ms. Leslie's bankruptcy case. Unlike the facts in *Jordan* and *Weeks,* both of which involved post-petition credit extensions, the Guaranty and underlying lease were set prepetition. Obligations by all parties were fixed from at least the five-year extension in 2022, and no future contracts or obligations were thereafter created.

Springs Landing's reliance on Georgia law to argue the debts in question were post-petition obligations not subject to discharge is likewise misplaced. "Whether a debt arose prior to the commencement of the case is a question of federal, bankruptcy

12

law." *Daniels v. Howe Law Firm, P.C. (In re Daniels),* 591 B.R. 814 (Bankr. N.D. Ga. 2018); *see also Bennett v. Morton Bldgs. (In re Bennett)*, 2015 WL 8147588, at *4 (Bankr. N.D. Ohio. Dec. 7, 2015) ("Courts agree that while state law may determine the existence of a cause of action, federal law determines when a claim arises for bankruptcy purposes.") (internal quotations omitted); *In re Johns-Manville Corp.*, 57 B.R. 680, 690 (Bankr. S.D.N.Y. 1986) ("[F]or federal bankruptcy purposes, a pre-petition 'claim' may well encompass a cause of action that, under the state law, was not cognizable until after the bankruptcy petition was filed."). Looking to the Bankruptcy Code, and not state law, Springs Landing's claim arose prepetition because the Guaranty created a contingent liability under an existing lease before the filing. *See In re Russo*, 494 B.R. at 564.[5]

---

[5] Although the Court is ruling in Ms. Leslie's favor, it is not for the reasons argued by her counsel at the hearing. Her counsel argued that she should be allowed to reopen her case and amend her schedules because the Guaranty is an executory contract or unexpired lease under 11 U.S.C. § 365 which should have been listed on her schedule G and for which she should have had the opportunity to reject in her bankruptcy. These arguments miss the mark for at least three reasons. First, as multiple courts have found, guaranty obligations are generally not found to be executory contracts subject to assumption or rejection. *See In re Aragona*, 2024 WL 1023138 (Bankr. N.D.N.Y. Mar. 8, 2024), *aff'd*, 2025 WL 2829044 (N.D.N.Y. Aug. 29, 2025); *In re Thomas*, 2015 WL 6526899, at *3 (Bankr. D. Colo. Oct. 28, 2015) (holding that personal guaranty is not an "obligation of the debtor … under an unexpired lease of nonresidential real property, that requires treatment as administrative rent under 11 U.S.C. § 365(d)(3).") (cleaned up); *In re Furniture Brands Int'l, Inc.*, 2013 WL 9065131, at *4 (Bankr. D. Del. Nov. 7, 2013); *In re Leibinger-Roberts, Inc.*, 105 B.R. 208, 213 (Bankr. E.D.N.Y. 1989) ("A guaranty agreement is not executory because it holds no future benefit for the guarantor."). Second, the unexpired lease is not subject to assumption or rejection because Ms. Leslie was not a party to the original Lease, only the Guaranty. *See Statesboro Mall, LLC v. Green* (*In re Green*), 504 B.R. 675, 680 (Bankr. S.D. Ga. 2014) (holding underlying lease for which debtor executed a guaranty was not an unexpired lease under § 365 because debtor's liability was based upon the guaranty). Third, only a chapter 7 trustee has the ability under § 365 to assume or reject an executory contract or unexpired lease. *See In re Rodall*, 165 B.R 506, 508 (Bankr. M.D. Fla. 1994) ("Congress did not intend to give the chapter 7 debtor the ability to assume or reject a contract or lease."); *In re Mamedes*, 2020 WL 4289764, at *3 (Bankr. S.D. Fla. Jul. 27, 2020) ("Pursuant to § 365(a)(1), the trustee in a chapter 7 case has the sole right to assume or reject an executory contract.").

13

Because the Court finds the prepetition Guaranty to create a prepetition contingent claim subject to discharge, the Court will allow Ms. Leslie to reopen the chapter 7 case to amend her schedules.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Springs Landing's Response to Motion to Reopen is overruled and Ms. Leslie's Motion to Reopen is granted. The Court will enter a separate order consistent with this Memorandum Opinion.

The Clerk of Court is directed to serve a copy of this order on Ms. Leslie, Ms. Leslie's Counsel, Springs Landing and the Chapter 7 Trustee.

**END OF DOCUMENT**